UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60801-CIV-ALTMAN/Hunt

**BRIAN EICHELHART**,

    *Plaintiff*,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

    *Defendant*.

_____/

## ORDER

The parties filed cross Motions for Summary Judgment [ECF Nos. 14, 19]. The Court referred those Motions to United States Magistrate Judge Patrick M. Hunt. Magistrate Judge Hunt issued a Report and Recommendation [ECF No. 20] (the "R&R"), in which he determined that the Plaintiff's Motion should be denied and the Defendant's Motion should be granted. Magistrate Judge Hunt also warned the parties as follows:

> Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); see Thomas v. Arn, 474 U.S. 140 (1985).

*Id.* at 9. More than fourteen days have passed, and neither side has objected.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here,

when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 20] is **ACCEPTED and ADOPTED** in full.
2. The Plaintiff's Motion for Summary Judgment [ECF No. 14] is **DENIED**.
3. The Defendant's Motion for Summary Judgment [ECF No. 19] is **GRANTED**.
4. The Plaintiff shall take nothing from this suit.
5. In accordance with Federal Rule of Civil Procedure 58, the Court will enter final judgment separately.
6. The Clerk of Court is directed to **CLOSE** this case. Any pending motions are **DENIED as moot**. All pending deadlines and hearings are **CANCELLED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 9th day of May 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record